IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HERNAN CORTEZ, #1542111 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1115 |
| JEFFREY RICHARDSON, ET AL. | § | |

ORDER OF PARTIAL DISMISSAL

Plaintiff Hernan Cortez, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis,* filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation for the disposition of the lawsuit. Mr. Cortez has filed objections.

Factual Allegations

Mr. Cortez contends that he was the victim of excessive use of force. More specifically, he alleges that Sgt. K. Anthony violated his Eighth Amendment rights by spraying him with two cans of a chemical agent on May 4, 2015. He was in his cell at the time. He asserts that his reaction to the chemical agent became a serious medical issue. He alleges that she subjected him to an unnecessary and wanton infliction of pain and suffering.

Mr. Cortez has sued four prison administrators in addition to Sgt. Anthony. He states that he is suing the administrators because they "allowed and promoted Sgt. K. Anthony after she assaulted [him] with gas."

1

## Report of the Magistrate Judge

After reviewing the pleadings, Magistrate Judge Mitchell concluded that Mr. Cortez should be permitted to proceed with his excessive use of force claim against Sgt. Anthony. She also concluded that his claims against the remaining defendants should be dismissed.

## Plaintiff's Objections to the Report and Recommendation

Mr. Cortez argues in his objections that his claims against the remaining defendants should not be dismissed. He acknowledges that the remaining defendants are prison administrators and that they did not participate in the use of force incident. Mr. Cortez, nonetheless, focuses on the prison system's use of force plan in arguing that the administrators should remain in the lawsuit. He noted that they were obligated under the plan to review the use of force documents compiled in this case to determine whether the use of force was justified. He complains that the administrators turned a blind eye to Sgt. Anthony's use of force and subsequently promoted her to the rank of lieutenant.

## Discussion and Analysis

As an initial matter, the United States Supreme Court has recognized that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986) (citations and internal quotation marks omitted). In deciding whether a use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts to temper the severity of the forceful response." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct.

995, 999 (1992) (citations and internal quotation marks omitted). The absence of a serious injury is "relevant to the Eighth Amendment inquiry, but does not end it." *Id.* Magistrate Judge Mitchell appropriately concluded that Ms. Cortez has alleged facts sufficient to proceed with his excessive use of force claim against Sgt. Anthony.

Mr. Cortez's focus on the prison system's use of force plan in his objections in an effort to keep the administrators in the case is misplaced. Allegations that prison officials failed to follow prison regulations do not, standing alone, provide a basis for a potentially meritorious civil rights lawsuit; instead, a plaintiff must show a constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Mr. Cortez must allege facts showing that each defendant violated his constitutional rights, as opposed to merely violating the use of force plan.

Mr. Cortez also argues that he should be permitted to proceed against the administrators because of their role in reviewing the incident. He complains that they allowed and promoted Sgt. K. Anthony after she assaulted him with gas. The United States Supreme Court has held, however, that the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Moreover, the term supervisory liability in the context of a § 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009). A supervisor may be held liable only if one of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Mr. Cortez has not

alleged facts showing that the administrators were personally involved in the use of force incident or that there was a causal connection between their wrongful conduct and a constitutional violation. The Fifth Circuit has specifically rejected claims by a prisoner against administrators because they allegedly "acted with deliberate indifference by taking *no* action after learning about the incident." *Widner v. Aguilar*, 398 F. App'x 976, 979 (5th Cir. 2010). Magistrate Judge Mitchell appropriately found that the claims against the administrators should be dismissed.

## Conclusion

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Cortez to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Cortez's objections are without merit. Therefore the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that Mr. Cortez may proceed with his excessive use of force claim against Sgt. K. Anthony. It is finally

**ORDERED** that Mr. Cortez's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **27** day of **October, 2016.**

_____
Ron Clark, United States District Judge