IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HERNAN CORTEZ, #1542111 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1115 |
| JEFFERY RICHARDSON, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Hernan Cortez, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #41) concluding that Defendant Anthony's motion for summary judgment (Dkt. #31) based on Plaintiff's failure to exhaust his administrative remedies should be granted. Plaintiff has filed objections (Dkt. #45).

Plaintiff alleges that Defendant Anthony subjected him to excessive use of force by spraying him with two cans of a chemical agent on May 4, 2015. Plaintiff had fifteen days to file a Step 1 grievance. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). His Step 1 grievance was due on May 19, 2015, but he did not submit a Step 1 grievance until June 8, 2015. The response to his Step 1 grievance is dated June 11, 2015. He submitted a Step 2 grievance on June 17, 2015. The response is dated July 16, 2015. Judge Mitchell concluded that Plaintiff did not properly exhaust his administrative remedies since his Step 1 grievance was untimely filed; thus, she recommended that the lawsuit be dismissed.

1

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In light of the enactment of the PLRA, the Supreme Court unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819 (2001). The Court subsequently held that the PLRA requires "proper exhaustion," meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S. Ct. 2378, 2384 (2006). Plaintiff did not properly exhaust his administrative remedies by filing his Step 1 grievance by the deadline of May 19, 2015.

In his objections, Plaintiff acknowledges that there is case law where the Fifth Circuit has emphasized that it has taken "a strict approach to the exhaustion requirement." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007). He argues, however, that the emphasis on strict compliance is misplaced and that the only requirement is that he exhaust his administrative remedies. The Supreme Court rejected such arguments when it concluded that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford*, 548 U.S. at 85, 126 S. Ct. at 2382. The Fifth Circuit accordingly held that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). More recently, the Fifth Circuit

affirmed this court's decision dismissing a complaint for failure to exhaust administrative remedies because the inmate did not comply with the applicable deadlines. *Flores v. Lappin*, 580 F. App'x 248, 250 (5th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S. Ct. 1559 (2015). Plaintiff's argument that his failure to properly exhaust his administrative remedies should be excused lacks any basis in law. Defendant Anthony is entitled to summary judgment based on Plaintiff's failure to properly exhaust his administrative remedies.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Plaintiff to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Plaintiff's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court.

**ORDERED** that Defendant Anthony's motion for summary judgment (Dkt. #31) is **GRANTED** and the lawsuit is **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **21** day of **April, 2017.**

_____
Ron Clark, United States District Judge